be determined by the output there. If any part of the cargo was lost on the voyage, the defendant could not be required to pay for it. Not until it was tendered at defendant's wharf, so far as the contract discloses, could the defendant inspect and ascertain if the quality was as contracted for. It seems to me, therefore, a reasonable construction of the contract that the cargoes, as to the quality as well as to quantity, were at the plaintiff's risk during the voyage, and that the question as to quality is whether the phosphate rock complied with the contract at the place where it was tendered to the defendant, and not when placed on board the vessels. The demurrer to the third, fifth, and sixth pleas is overruled.

The defendant's seventh plea set up that by the plaintiff's failure to fulfill the contract the defendant was greatly damaged in his business, and claims the right to recoup his damages from the plaintiff's demand. Upon demand for a bill of particulars of his damage the defendant filed a statement claiming that by plaintiff's failure to supply phosphate rock according to the contract the product of his factory had been during six weeks lessened 3,000 tons, and that the factory expenses continued as usual, and that the useless expense and the profit on what he might have manufactured amounted to $7,000. That this deficiency of production necessitated during the next busy season extra labor, costing nearly $3,000, and that his total claim of loss was nearly $10,000. The contract is an ordinary commercial contract for the sale and delivery of a commodity to be supplied during the period of a year. Nothing is said in the contract as to what use the defendant intended to make of it, whether to sell again or to use in manufacture. There are no special circumstances stated in the contract, or alleged in any of the pleadings, which indicate that it was within the contemplation of the parties, or mutually understood in making the contract, that the plaintiff was to make good any loss of profits or lessening of business which defendant might suffer by breach of the contract. The losses claimed are, in my opinion, too remote and speculative. The direct and immediate damages resulting from breach of such a contract would ordinarily be the difference between the contract price and the market price at the time and place of delivery. Howard v. Manufacturing Co., 139 U. S. 199, 11 Sup. Ct. Rep. 500. I think, therefore, that the exception to the sufficiency of the bill of particulars of defendant's claim of damage must be sustained.

---

## WRIGHT v. PHIPPS et al.

(Circuit Court, E. D. New York. December 1, 1893.)

ABATEMENT—DEATH OF PARTY—FORECLOSURE SUIT—REMOVAL AND REMAND.
  A foreclosure suit abates by the death of the owner of the equity of redemption, and if it is a removed cause it cannot be remanded until the representative of the legal title is brought in as a defendant.

In Equity. Suit to foreclose a mortgage. On motion to remand to the state court. Denied.

Armstrong & Fosdick, (Edward S. Clinch, of counsel,) for plaintiff.

Strong & Cadwalader, for defendant Helen F. Attrill.

Charles H. Tweed, for defendant Huntington.

Stewart & Boardman, for defendant Hatch.

BENEDICT, District Judge. This action is brought to foreclose a mortgage upon certain land at Rockaway, made by the defendant Phipps. The parties defendant are Frederick A. Phipps, the mortgagor; Henry Y. Attrill, to whom Phipps conveyed the property in question prior to the commencement of this action; Helen F. Attrill, wife of Henry Y. Attrill; and Frederick S. Hatch and Collis P. Huntington, judgment creditors of Henry Y. Attrill. The plaintiff is a citizen of the state of New York. The defendants Hatch and Huntington are residents of the state of New York. The cause was removed from the state court to this court upon the ground of a separable controversy between the plaintiff and Henry Y. Attrill, who was a citizen of the state of Maryland. The defendants Phipps and Helen F. Attrill suffered a default in pleading. In the month of January, 1892, the defendant Henry Y. Attrill died, and subsequent to the commencement of the action the interest of Henry Y. Attrill in the property in question was sold by the sheriff under the execution in favor of the defendant Hatch, so that now the only parties to the controversy, aside from the plaintiff, are Hatch and Huntington, who have no interest whatever in the dispute. In this state of the case the plaintiff moves that the cause be remanded to the state court, upon the ground that the controversy between the plaintiff and the defendant Henry Y. Attrill has been terminated by his death. The motion to remand is opposed upon the ground that by the death of Attrill the action has abated, and cannot proceed until some parties are brought in to represent the legal title to the property in question. The question to be decided, therefore, is whether an action to foreclose a mortgage upon real estate can proceed without bringing in as party defendant the owner of the legal title to the property. Upon this question my opinion is adverse to the plaintiff's contention.

It is urged that notice of lis pendens having been filed rendered it unnecessary to make parties subsequent purchasers; but that, in my opinion, does not relieve the plaintiff from the necessity of having the legal title to the property represented in an action brought to foreclose a mortgage upon it. The object of the action is to cut off the legal title to the property by a foreclosure of the mortgage upon it. Such an action cannot proceed until the cause is in such a situation that the decree to be made will bind the parties owning the equity of redemption in the property. Upon the ground that this suit is abated by the death of Henry Y. Attrill, the motion to remand is denied.